# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARIAN WEBB-WILLIAMS**                         **CIVIL ACTION**

**VERSUS**                                       **NO. 20-825-BAJ-RLB**

**POSTMASTER GENERAL**
**LOUIS DEJOY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 15, 2021.


_____
   **RICHARD L. BOURGEOIS, JR.**
   **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MARIAN WEBB-WILLIAMS**                           **CIVIL ACTION**

**VERSUS**                                          **NO. 20-825-BAJ-RLB**

**POSTMASTER GENERAL**
**LOUIS DEJOY**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Complaint in this matter was filed on December 1, 2020 by the pro se plaintiff,

Marian Webb-Williams. Plaintiff filed a motion to proceed in forma pauperis which was granted

on December 14, 2020. In that same order, the United States Marshals Service was directed to

serve the summons and complaint on each defendant. Plaintiff, however, was specifically

informed that she was required to provide to the United States Marshals Service a completed

U.S. Marshal Form 285 for each defendant to be served. (R. Doc. 3). Plaintiff was also advised

that the United States Marshals Service will not serve a defendant without a properly completed

form.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, plaintiff had 90 days, or until

March 1, 2021, to serve the defendants. On March 15, 2021, the Court entered an Order (R. Doc.

5), noting that service had not yet been made and reminding plaintiff of her obligation to provide

the appropriate, properly completed information to the U.S. Marshals Service. Nothing was

submitted or provided to the Court by the plaintiff. The U.S. Marshals Service informed the

Court that forms received in April were improperly completed and that another service packet

was mailed to the plaintiff on April 6, 2021. Nothing was received by the Marshal Service since

that time.

On May 19, 2021, the Court issued a Show Cause Order. (R. Doc. 6). Plaintiff was ordered to show cause, in writing, why claims against the defendants should not be dismissed for failure to submit the appropriate U.S. Marshal 285 Form for service, resulting in a failure to timely serve the defendants pursuant to the Federal Rules of Civil Procedure.

Plaintiff responded on June 9, 2021. (R. Doc. 7). Plaintiff's response, however, does not explain why she has not followed the instructions of the Court. Plaintiff does, however, request additional time to complete the form and indicates that she is seeking legal advice. She specifically requests "more time to pursue this matter." Plaintiff has taken no action in the over three months since that response.

Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Local Rule 41(b)(1)(A) provides that a civil action may be dismissed by the court for lack of prosecution "[w]here no service of process has been made within 90 days after filing of the complaint." It has now been over 288 days since the filing of the complaint and no service of process has been made.

A review of the record demonstrates that plaintiff filed this matter alleging that she was discriminated against during her employment with the United States Postal Service. (R. Doc. 1). She was employed there for over 20 years. (R. Doc. 2). The plaintiff has a high school diploma and 6 years of college. (R. Doc. 2 at 5). The Form 285 has been used by numerous pro se litigants in the past. It consists of one half page of information, primarily identifying the defendant to be served and the address of that defendant. It has now been an additional 3 months since her response to the Court's show cause order. The U.S. Marshals Service has informed the

undersigned that no additional information or completed forms have been provided since that

Order. The Court concludes that plaintiff's failure to secure service of the defendants is due to

her lack of diligence.

As a practical matter, the case cannot proceed against a defendant if the plaintiff does not

prosecute it. Plaintiff's failure to serve the defendant effectively deprives those defendants of the

opportunity to defend themselves against the allegations made against them.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be

dismissed, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure and

Local Rule 41(b)(1)(A) for failure to serve and failure to prosecute. To the extent Plaintiff is

entitled to any additional notice that her failure to serve timely the defendants in this action, this

Report and Recommendation provides such notice.

Signed in Baton Rouge, Louisiana, on September 15, 2021.


_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**